O’Gorman, J.
On September 4, 1885, the plaintiff became the holder and owner of one hundred shares of the capital stock of the defendant company by purchase of the same for value. The title to this stock was derived from one Felt, who was then and continues to be the owner of record of the shares on the books of the defendant company.
The plaintiff, at the time of his purchase, received the certificate for the shares duly assigned by Felt in blank, together with a power of attorney duly executed in blank.
*563 On October 19, 1885, the plaintiff made formal demand on the defendant company for the transfer of said one hundred shares to his name on the books of the company, and for the issue to him of a certificate of ownership of said shares, in place of that held by him and then offered by him to be surrendered. The defendant company refused absolutely and unconditionally to accede to this demand, or any part thereof, or to recognize the plaintiff as having any rights whatever by reason of his equitable ownership of said shares.
The defendant company was not justified in such absolute refusal, and a cause of action thereupon accrued to the plaintiff against the defendant.
The possession of this certificate, assignment and power of attorney in blank, did not, however, create any contract relation between the plaintiff and defendant, or any novation in favor of the plaintiff, of the original contract between the company and Felt, as holder of record on the books of the company, of these one hundred shares. On the contrary, Felt, while continuing to be holder of these shares on the books of the company, was, as to these shares, a member of the corporation with all the rights attaching to such membership, including the right to vote as a stockholder of said shares.
On May 22, 1885, before the purchase of these one hundred shares by the plaintiff, an agreement was entered into between the stockholders of the defendant company, to which agreement said Felt, representing these one hundred shares and voting as stockholder, assented, whereby certain new obligations were imposed on the stock of the company, including the shares, of which plaintiff was the equitable owner.
This agreement was not in itself bad or unlawful or beyond the power vested in the defendant by its charter and the law, and it was assented to and ratified by all the stockholders on record of the defendant corporation, including said Felt. Felt, as a stockholder, representing *564 these one hundred shares, was bound by this agreement, as was also the plaintiff, whose title to the shares was derived from said Felt.
Wilmot & Page, for appellant.
Chas. Howard Williams, for respondent.
When, therefore, the defendant, after the commencement of this action, made tender to the plaintiff of a certificate of ownership of these one hundred shares, in the form and substance required by the said agreement, and subject to the obligations on said stock imposed by the agreement, it did then what it should have done before the commencement of the action, and plaintiff is entitled to demand no other certificate than that set forth in defendant’s answer as having been then tendered.
The defendant, however, having made the first fault by absolutely ignoring the rights and absolutely refusing to comply with the demand of the plaintiff, when made before the commencement of this action, was in the wrong and made this action necessary.
The plaintiff is, therefore, entitled to judgment for the relief demanded in his complaint, except in this, that the new certificate to be issued to him by the defendant shall be in accordance with the requirements of said agreement, and such as other stockholders have been and are entitled to by virtue thereof.
Per Curiam.
By the judgment appealed from the plaintiff obtained all the relief he was entitled to. The Record discloses no error.
The judgment should be affirmed with costs upon the opinion delivered by the learned judge at special term.